**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

| | | |
|---|---|---|
| **JOSEPH ROSEMEYER** | : | Case No. 1:18-cv-846 |
| 5746 Glow Court | : | |
| Cincinnati, OH  45238 | : | Judge _____ |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | **COMPLAINT WITH JURY** |
| | : | **DEMAND ENDORSED** |
| **SCRIPPS MEDIA INC. dba WCPO-TV** | : | **HEREON** |
| 312 Walnut Street, Suite 2800 | : | |
| Cincinnati, OH  45202 | : | |
| | : | |
| And | : | |
| | : | |
| **THE E.W. SCRIPPS COMPANY** | : | |
| 312 Walnut Street, Suite 2800 | : | |
| Cincinnati, OH  45202 | : | |
| | : | |
| Defendants. | : | |
| | : | |
| Also serve Registered Agent: | : | |
| **SCRIPPS MEDIA INC.  dba WCPO-TV** | : | |
| c/o CORPORATION SERVICE COMPANY | : | |
| 50 WEST BROAD ST., SUITE 1330 | : | |
| COLUMBUS, OH  43215 | : | |
| | : | |
| And | : | |
| | : | |
| **THE E.W. SCRIPPS COMPANY** | : | |
| c/o CORPORATION SERVICE COMPANY | : | |
| 50 WEST BROAD ST., SUITE 1330 | : | |
| COLUMBUS, OH  43215 | : | |
| | : | |

## PARTIES

1.       Plaintiff Joseph Rosemeyer ("Plaintiff" or "Mr. Rosemeyer") is a citizen and resident of the State of Ohio who worked within this Division and District.

2.       Defendant Scripps Media Inc. dba WCPO-TV, ("Defendant" or "WCPO") is a foreign corporation doing business in Cincinnati, Hamilton County, Ohio.

3.       Defendant The E.W. Scripps Company, ("Defendant" or "Scripps") is an Ohio corporation doing business in Cincinnati, Hamilton County, Ohio.

## JURISDICTION AND VENUE

4.       This Court has jurisdiction over Counts IV and V pursuant to 42 U.S.C. § 2000e, *et seq.* because these Counts arise under Title VII of the Civil Rights Act.

5.       This Court has supplemental jurisdiction over the non-federal law claims in Counts I, II, III, and VI of this Complaint pursuant to 28 U.S.C. § 1367 on the grounds that these Counts are so related to the federal claims over which this Court has original jurisdiction, that they form the same case or controversy.

6.       This Court has personal jurisdiction over Defendants because they conduct business and employed Plaintiff within this district and division.

7.       Plaintiff filed a timely charge of discrimination ("sex" and "other") and retaliation with Equal Employment Opportunity Commission ("EEOC") and eventually Plaintiff received a Notice of Right to Sue from the EEOC.

8.       Plaintiff filed this Complaint within 90 days of his receipt of the EEOC Notice of Right to Sue.

9.       Plaintiff has met all procedural prerequisites for his claims.

10.      Venue is proper in this Division and District pursuant to 29 U.S.C. § 1391(b)

2

because Plaintiff was employed in this division and district and the conduct giving rise to Plaintiff's claims occurred within this division and district.

11.    Each Defendant is an "employer" under all aspects of Ohio and federal law.

## FACTUAL ALLEGATIONS

12.    Plaintiff is a homosexual male.

13.    Plaintiff began his employment with WCPO in April of 2015 as Web Editor.  In May of 2018 he began working in the position of Real-Time Editor.

14.    Plaintiff performed his job duties well, and was respected in his position in the newsroom.

15.    However, beginning in about May 2018, Plaintiff's supervisor, James McCray ("Mr. McCray"), began to target Plaintiff with unwanted sexual harassment.  At this time, Mr. McCray (like Plaintiff's other co-workers) knew Plaintiff is gay.

16.    Mr. McCray, on more than one occasion, tugged on or "caressed" Plaintiff's ear as Mr. McCray walked past Plaintiff's workstation.

17.    On more than one occasion, beginning in May 2018, Mr. McCray told Plaintiff he'd like co-worker Zach McAuliffe and Plaintiff to train each other, and in the process physically mimic the Patrick Swayze/Demi Moore scene in the movie *Ghost* with Plaintiff or Mr. McAuliffe straddling the other, shirtless, at a pottery wheel.

18.    In late July or early August 2018, Mr. McCray found Plaintiff sitting harmlessly cross-legged on his office chair, and pushed Mr. McAuliffe, sitting in his own chair, over to Plaintiff and positioned Mr. McAuliffe directly under Plaintiff, as if Plaintiff was sitting in Mr. McAuliffe's lap.

19.    On or about August 7, 2018, Mr. McCray simply sat on Plaintiff's lap after

months and months of Mr. McCray's teasing and pressuring Plaintiff to allow him to do the same.

20.     Sometime in August 2018, Mr. McCray attempted to kiss Plaintiff as Plaintiff leaned over his computer monitor.

21.     None of Mr. McCray's conduct was or is acceptable – Plaintiff indicated repeatedly that he did not like to be touched and that the conduct was unwelcome, both in and out of Mr. McCray's presence.  Plaintiff, directly and indirectly, complained about his supervisor McCray's behavior.

22.     Nor was Mr. McCray's conduct hidden from supervisors.  All of the above actions took place in the un-walled and open newsroom floor.  Further, Mr. McCray, apparently fixated with the above-described *Ghost* scenario, had on at least one occasion bragged about his conduct to his own supervisor, Maxim Alter, with a description of the *Ghost* scenario involving Plaintiff and Mr. McAuliffe.

23.     Shortly (within days) after Plaintiff rebuffed McCray's attempt to kiss him, Joe was suspended and then fired.  The alleged reason for Plaintiff's termination is merely a pretext to cover up Defendants' unlawful conduct, discrimination, harassment, and in retaliation for Plaintiff's rebuffing and rejecting Mr. McCray.

24.      WCPO's actions in terminating Plaintiff, treating him worse than his peers because of his sex, and sexual orientation, harassing him because of his sex and sexual orientation, then retaliating against him for rebuffing and rejecting Mr. McCray's conduct, is unlawful under federal, state, and local law.

25.     Said actions were severe and pervasive, constitute a pattern and practice of behavior, and have actually and proximately caused damages stemming from Plaintiff's

4

job loss and from emotional distress, among other damages.

26.     Plaintiff's primary duties as a Real-Time Editor and as Web Editor were varied, but they did not involve the exercise of discretion and independent judgment with respect to matters of significance.  For example, Plaintiff's duties included reposting web stories published by the Associated Press and CNN, checking HTML coding, scheduling social media posts, clipping videos from newscast, making telephone calls to gather information about news stories, sending email blasts regarding breaking news, and informing the Defendants' TV producers about the daily photographer/reporter assignments.

27.     Plaintiff did not have the ability to supervise, hire, or fire other employees.  He had no authority to make independent decisions on matters that affected Defendants' business as a whole or any significant part of Defendants' business.

28.     Plaintiff did not have the authority to promote employees, determine their pay rates or benefits, or give raises.  Plaintiff was not permitted to make any personnel decisions.

29.     Throughout his tenure at Defendants, Plaintiff worked, on average, approximately 45 to 50 hours a week, sometimes exceeding 50 hours in a given work-week.

30.     Defendants were aware that Plaintiff regularly worked hours well in excess of 40 per week throughout his employment.

31.     During some of Plaintiffs' tenure at Defendants, Defendants misclassified Plaintiff as an exempt employee and compensated him on a salary basis, without compensating him at the overtime rate for the hours he worked in excess of 40 in a given week.

32.     Even after compensating him on an hourly basis, Defendants failed to pay Plaintiff compensation for hours that he worked in excess of 40 in any given week.

33.     Plaintiff performed his job extremely well.

## COUNT I

**(Ohio Public Policy)**

34.     Plaintiff realleges the foregoing paragraphs as if fully rewritten herein.

35.     All of the seven largest cities in Ohio, as well as nearly every other major metropolitan area in Ohio, including the parties' city of Cincinnati, Columbus, Dayton, Cleveland, Akron, Toledo, Bowling Green, Athens, Coshocton, East Cleveland, Cleveland Heights, North Olmstead, Oberlin, Canton, Newark, and Oxford have enacted laws prohibiting discrimination against employees because of their sexual orientation.  Ohio counties, including Hamilton County, Franklin County, Cuyahoga County, Montgomery County, Lucas County, Summit County, and Wood County have as well.  Stated otherwise, it is fair to say that most Ohio employees work in jurisdictions where sexual-orientation discrimination is unlawful and, as such, it is the public policy of this state that such discrimination cannot be permitted.

36.     Ohio's public policy preventing workplace discrimination based on sexual orientation is further reflected by Ohio Governor John Kasich's Executive Order 2011-K5 barring sexual orientation discrimination against public employees.

37.     In July 2015, the Equal Employment Opportunity Commission issued a decision (Appeal No. 0120133080) holding that Title VII of the Civil Rights Act of 1964's prohibition against gender discrimination bars employment discrimination based upon sexual orientation, and the Ohio Supreme Court has indicated that it will look to analogous federal law in connection with interpreting Ohio's anti-discrimination laws.

38.     Ohio has expressed a clear public policy that employees shall not be discriminated against on the basis of their sexual orientation.

39.     Disciplining, terminating, harassing, and/or retaliating against employees because

they are gay or who complain about being discriminated against because of their sexual orientation would jeopardize this public policy.

40.     Defendants' conduct in treating Plaintiff less favorably, harassing him, and then firing him based on his sexual orientation (as well as retaliating against him because of his complaints of this treatment) constitutes a breach of public policy.

41.     Defendants' actions were willful, wanton, malicious, and/or in reckless disregard of Plaintiff's rights.

42.     As a direct and proximate result of Defendants' unlawful conduct, Plaintiff has been injured and is entitled to recovery.

<u>**COUNT II**</u>

**(Gender Discrimination and Harassment - O.R.C. §§ 4112)**

43.     Plaintiff realleges the foregoing paragraphs as if fully rewritten herein.

44.     Plaintiff is a homosexual male who was fully qualified for the position he held with Defendants.

45.     In July 2015, the Equal Employment Opportunity Commission issued a decision (Appeal No. 0120133080) holding that Title VII of the Civil Rights Act of 1964's prohibition against gender discrimination bars employment discrimination based upon sexual orientation, and the Ohio Supreme Court has indicated that it will look to analogous federal law in connection with interpreting Ohio's anti-discrimination laws.

46.     Defendants discriminated against Plaintiff on the basis of his sexual orientation and, therefore, his gender, by harassing him, treating him less favorably than similarly situated male employees, and by terminating his employment.  In addition, Defendants subjected Plaintiff

to severe and pervasive unlawful harassment based upon his gender and sexual orientation, thus creating a hostile work environment.

47. The above-described conduct was offensive, and Plaintiff found the above-described conduct to be offensive. Further, the above described conduct unreasonably interfered with his ability to perform his job.

48. Defendants harassed and discriminated against Plaintiff because he engaged in romantic relationships (or desired to engage in romantic relationships) with men. This amounts to gender discrimination because Defendants treated Plaintiff substantially worse than women who engage in romantic relationships (or desire to engage in romantic relationships) with men.

49. Defendants' adverse treatment of Plaintiff, additionally, would not have occurred but for Plaintiff's gender.

50. Defendants' conduct violates O.R.C. § 4112.02.

51. Defendants' actions were willful, wanton, malicious, and/or in reckless disregard of Plaintiff's rights.

52. As a direct and proximate result of Defendants' unlawful discriminatory conduct, Plaintiff has been injured and is entitled to recovery.

## COUNT III

### (Retaliation - O.R.C. §§ 4112)

53. Plaintiff realleges the foregoing paragraphs as if fully rewritten herein.

54. Plaintiff is a homosexual male who was fully qualified for the position he held with Defendants.

55. In July 2015, the Equal Employment Opportunity Commission issued a decision (Appeal No. 0120133080) holding that Title VII of the Civil Rights Act of 1964's prohibition

against gender discrimination bars employment discrimination based upon sexual orientation, and the Ohio Supreme Court has indicated that it will look to analogous federal law in connection with interpreting Ohio's anti-discrimination laws.

56.     Defendants discriminated against Plaintiff on the basis of his sexual orientation and, therefore, his gender, by treating him less favorably than similarly situated male employees and by terminating his employment.

57.     Defendants discriminated against Plaintiff because he engaged in romantic relationships (or desired to engage in romantic relationships) with men.  This amounts to gender discrimination because Defendants treated Plaintiff substantially worse than women who engage in romantic relationships (or desire to engage in romantic relationships) with men.

58.     Additionally or alternatively, Defendants retaliated against Plaintiff for complaining of discrimination on the basis of his sexual orientation/gender and/or for rebuffing Mr. McCray and his conduct and advances, by treating him less favorably than similarly situated employees and by terminating his employment.

59.     Defendants' conduct violates O.R.C. § 4112.02.

60.     Defendants' actions were willful, wanton, malicious, and/or in reckless disregard of Plaintiff's rights.

61.     As a direct and proximate result of Defendants' unlawful discriminatory conduct, Plaintiff has been injured and is entitled to recovery.

## COUNT IV

**(Gender/Sexual Orientation Discrimination, Harassment, and Retaliation –
Title VII)**

62.     Plaintiff realleges the foregoing paragraphs as if fully rewritten herein.

63.     Plaintiff is a homosexual male who was fully qualified for the position he held with Defendants.

64.     In July 2015, the Equal Employment Opportunity Commission issued a decision (Appeal No. 0120133080) holding that Title VII of the Civil Rights Act of 1964's prohibition against gender discrimination bars employment discrimination based upon sexual orientation, and the Ohio Supreme Court has indicated that it will look to analogous federal law in connection with interpreting Ohio's anti-discrimination laws.

65.     Defendants discriminated against Plaintiff on the basis of his sexual orientation and, therefore, his gender, by harassing him, treating him less favorably than similarly situated male employees, and by terminating his employment.  In addition, Defendants subjected Plaintiff to severe and pervasive unlawful harassment based upon his gender and sexual orientation, thus creating a hostile work environment.

66.     The above-described conduct was offensive, and Plaintiff found the above-described conduct to be offensive.  Further, the above described conduct unreasonably interfered with his ability to perform his job.

67.     Defendants harassed and discriminated against Plaintiff because he engaged in romantic relationships (or desired to engage in romantic relationships) with men.  This amounts to gender discrimination because Defendants treated Plaintiff substantially worse than women who engage in romantic relationships (or desire to engage in romantic relationships) with men.

68.     Defendants' adverse treatment of Plaintiff, additionally, would not have occurred but for Plaintiff's gender.

69.     Additionally or alternatively, Defendants retaliated against Plaintiff for complaining of discrimination on the basis of his sexual orientation/gender and/or for rebuffing

Mr. McCray and his conduct and advances, by treating him less favorably than similarly situated employees and by terminating his employment.

70.     Defendants' conduct violates federal law, including Title VII of the Civil Rights Act of 1964.

71.     Defendants' actions were willful, wanton, malicious, and/or in reckless disregard of Plaintiff's rights.

72.     As a direct and proximate result of Defendants' unlawful discriminatory conduct, Plaintiff has been injured and is entitled to recovery.

### COUNT V

**(Failure to Pay Overtime Wages for Overtime Hours Worked in Violation of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq.)**

73.     Plaintiff realleges the foregoing paragraphs as if fully rewritten herein.

74.     Defendants are employers covered by the FLSA.

75.     Defendants, at least for part of the time they employed Plaintiff, misclassified him as exempt from the FLSA's overtime/payment requirements, and failed to compensate him for hours worked in excess of 40 per week.

76.     Defendants, even after properly recognizing that Plaintiff was not exempt from the FLSA's overtime/payment requirements, failed to compensate him for hours worked in excess of 40 per week, despite their actual and/or practical knowledge that Plaintiff was regularly working in excess of 40 hours per week.

77.     Defendants' failure to properly compensate Plaintiff for overtime hours worked was willful.

78.     In addition to unpaid overtime wages from Defendants' willful violation of the Fair Labor Standards Act, Plaintiff is entitled to liquidated damages as set forth in 29 U.S.C. §

216.

79.     Plaintiff  has been required to file this action as a result of Defendants' willful failure to pay him overtime in accordance with the Fair Labor Standards Act and, as such, is entitled to attorneys' fees and costs incurred in accordance with 29 U.S.C. § 216.

## COUNT VI

**(Failure to Pay Overtime Wages for Overtime Hours Worked
in Violation of O.R.C. § 4111.03)**

80.     Plaintiff realleges the foregoing paragraphs as if fully rewritten herein.

81.     Defendants are employers covered by the Ohio Minimum Fair Wage Standards, specifically O.R.C. Section 4111.03.

82.     Defendants, at least for part of the time they employed Plaintiff, misclassified him as exempt from the O.R.C. Chapter 4111 overtime/payment requirements, and failed to compensate him for hours worked in excess of 40 per week.

83.     Defendants, even after properly recognizing that Plaintiff was not exempt from the O.R.C. Chapter 4111's overtime/payment requirements, failed to compensate him for hours worked in excess of 40 per week, despite their actual and/or practical knowledge that Plaintiff was regularly working in excess of 40 hours per week.

84.     Defendants' failure to properly compensate Plaintiff for overtime hours worked was willful.

85.     Defendants' conduct was in violation of O.R.C. Chapter 4111.03.

86.     In addition to unpaid overtime wages from Defendants' willful violation of the Ohio Minimum Fair Wage Standards, Plaintiff is entitled to liquidated damages as set forth in O.R.C. Chapter 4111.03.

87.     Plaintiff has been required to file this action as a result of Defendants' willful

failure to pay him overtime in accordance with the Fair Labor Standards Act and, as such, is entitled to attorneys' fees and costs incurred in accordance with O.R.C. Chapter 4111.03.

**WHEREFORE**, Plaintiff Joseph Rosemeyer demands judgment against Defendant Scripps Media Inc. dba WCPO-TV and Defendant The E.W. Scripps Company as follows:

(a) That Defendants be enjoined from further unlawful conduct as described in the Complaint;

(b) That Plaintiff be awarded compensatory damages including emotional distress damages;

(c) That Plaintiff be awarded all lost pay and benefits;

(d) That Plaintiff be awarded statutory and/or liquidated damages;

(e) That Plaintiff be awarded punitive damages;

(e) That Plaintiff be awarded pre-judgment and post-judgment interest;

(g) That Plaintiff be awarded reasonable attorneys' fees and costs; and

(h) That Plaintiff be awarded all other legal and equitable relief to which he may be entitled.

Respectfully submitted,


 /s/  David A. Eberly
David A. Eberly (0067007)
Eberly McMahon Copetas LLC
2321 Kemper Lane, Suite 100
Cincinnati, OH   45206
513-533-9898
513-533-3554 Fax
deberly@emclawyers.com

Counsel for Plaintiff Joseph Rosemeyer

## **JURY DEMAND**

Plaintiff hereby demands a trial by jury on all issues so triable.

/s/ David A. Eberly