# IN THE UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

JOSEPH ROSEMEYER,

      Plaintiff,

vs.

THE E.W. SCRIPPS COMPANY AND
SCRIPPS MEDIA, INC. dba WCPO-TV

      Defendants.

CASE NO. 1:18-CV-846

JUDGE MATTHEW W. McFARLAND

## STIPULATED PROTECTIVE ORDER

Under Fed. R. Civ. P. 26 (c) and the stipulation of Plaintiff and Defendants (collectively, the "Parties" and individually, the "Party"), the Court enters this Stipulated Protective Order ("Order"). It is hereby ORDERED THAT:

1. This Order shall govern the handling of documents, depositions, exhibits, and other written, recorded, electronic or graphic matter produced in discovery, whether pursuant to a formal or informal request, letter, or subpoena, a request made or question asked at any deposition, or any other means (collectively, the "Information"). Designation of documents and things as Confidential shall be as limited as possible and shall be performed in good faith to the opposing party, counsel, and the Court. All non-designated matters shall be handled in the ordinary manner through the Civil Rules.

2. The Parties may designate Information as Confidential Information ("Confidential Information") upon a good faith assertion that such materials or testimony constitute Information that is not generally known, not otherwise publicly available, and which that Party would not ever reveal to third parties, including but not limited to sensitive financial data, technical

information, medical or psychological records, current employment records, prior family legal matters, propriety or nonpublic information, contracts or commercially and/or completely sensitive information. "Confidential Information" further includes Information that a Party has treated as confidential and is not subject to public disclosure and any other Information that would qualify as confidential under any legal standard. Any "Confidential Information" so designated shall only be used in connection with these proceedings and shall not be disclosed or utilized in any other respect, except as may be otherwise provided for in this Order or by law. Information that is available generally within the industry, freely available on the internet or by other media without restriction is not Confidential Information.

   3. The designation of the Information as "Confidential Information" for purposes of this Order shall be made as follows:

     (a) In the case of party documents, by stamping, without obscuring the text, each page of such Information answers to interrogatories, other written materials (apart from depositions, other pretrial testimony, transcripts thereof and exhibits thereto), by stamping each page of such as "Confidential Information" or "Confidential" or "Confidential, Subject to Protective Order," or some similar or comparable designation.

     (b) In the case of answers to interrogatories, other written materials (apart from depositions, other pretrial testimony, transcripts thereof and exhibits thereto), by stamping, without obscuring the text, the confidential portion of the Information or, where an entire page is confidential, each page of such Information with "Confidential Information" or "Confidential" or "Confidential, Subject to Protective Order," or some similar or comparable designation.

     (c) In the case of depositions, other pretrial testimony, the transcripts thereof, and exhibits thereto, by a statement on the record by counsel for the party making the disclosure

at the time of such disclosure, identifying the beginning and the end of the confidential disclosure, or with regard to the confidential portion of the transcript at any time up to 14 days after said party has received a transcript of the testimony.

    (d)    In the case of documents produced by a non-party, by a written statement from counsel specifically designating the Information to be "Confidential Information" or by stamping each page of such as "Confidential Information" or "Confidential" or "Confidential, Subject to Protective Order," or some similar or comparable designation.

4.    Whenever any "Confidential Information" is disclosed or used at a deposition or other pretrial testimony in this action, (i) each portion of any such testimony in which the "Confidential Information" is disclosed or used shall be conducted with only those persons in attendance who are authorized under this Order to have access to such "Confidential Information"; (ii) the transcript of the confidential portion and all confidential exhibits shall be marked "Contains Confidential Information -- Subject to Protective Order" (or comparable language), and shall thereafter be deemed to be fully subject to the provisions of this Order; and (iii) the transcript containing Confidential Information and exhibits designated as Confidential Information shall not be filed with this Court except in accordance with Paragraph 5 below.

5.    In the event a party wishes to file any "Confidential Information" with the Court for any purpose, prior to seeking permission to file Confidential Information under seal, and if time permits, the parties, through counsel, will discuss the Confidential Information and documents they intend to file in order to determine if a compromise can be reached in whole or in part to allow for filing not under seal. Unless resolved as set forth above, the party intending to file any designated "Confidential Information" under seal or not under seal must first file a motion under S.D. Ohio Civ. R. 5.2.1 for the Court to determine whether such pleading,

deposition, or confidential portion thereof must be filed under seal in accordance with the provisions of S.D. Ohio Civ. R. 5.2.1. The Court shall determine whether the documents are appropriately filed under seal. If the Court grants the party's motion, the information filed with the court shall be filed in a sealed, opaque container or envelope with instructions to the Clerk of the Court to place such documents or other materials or things under seal with the following legend on the container or envelope:

(a) Bearing (1) the date of this Order; (2) the name, address and telephone number of filing counsel; (3) the caption of this Action; and (4) the following:

> **CONTAINS CONFIDENTIAL INFORMATION SUBJECT TO PROTECTIVE ORDER. NOT TO BE OPENED OR DISCLOSED EXCEPT BY ORDER OF THE COURT.**

and

(b) Including a copy of this Order in the sealed envelope in the event this Order has not been otherwise entered by the Court.

6. The Parties may only disclose "Confidential Information" to the following persons:

(a) Counsel appearing on behalf of any party, including paralegals, staff, stenographic and clerical employees and contractors working under the direct supervision of such counsel;

(b) Any expert(s) or consultant(s) expressly retained to assist in the above-captioned actions, with disclosure only to the extent reasonably necessary to perform such work; provided, that (1) any part of a report created by such expert or consultant relying on or incorporating "Confidential Information" in whole or in party shall be designated "Confidential" by the party responsible for its creation, and (2) any experts or consultants may not use

4

"Confidential Information" to their competitive advantage or for any purpose that does not relate to the above-captioned actions;

    (c)  Any fact witness or potential fact witness, including named parties (and counsel for such witness) to the extent reasonably believed by counsel to be necessary with their testimony or potential testimony in the above-captioned actions or the preparation thereof; provided, however, that any such individual shall (1) not retain any documents marked "Confidential" and (2) be informed, prior to being shown materials marked as "Confidential" that he/she is being shown such materials solely for use in the above-captioned actions;

    (d)  Any other person designated by agreement of the parties and the disclosing party, or by order of the Court;

    (e)  Vendors retained by or for the parties to assist in preparing for pretrial discovery, trial and/or hearings in the above-captioned actions including, but not limited to, court reporters, videographers, litigation support personnel, jury consultants, individuals to prepare demonstrative and audiovisual aids for use in the courtroom or in depositions or mock jury sessions, as well as their staff, stenographic, and clerical employees whose duties and responsibilities require access to such materials;

    (f)  The Court and its personnel;

    (g)  Mediators (and their supporting staff) assisting in the above-captioned actions;

    (h)  An individual who is identified on either the face of the document or in the metadata of the document as a creator or recipient of the document.

7. The persons described in paragraph 6 (b), (c), (d), (e), (f), and (g) shall have access to "Confidential Information" only after they have been made aware of the provisions of this Order and have executed a copy of the "Undertaking" appended hereto.

8. Any designation of the Information as "Confidential" shall be without prejudice to the rights of the Parties to apply to the Court for a determination of whether the designation is proper. The challenging party, however, shall first use informal conciliation attempts and the designating party shall have the obligation of showing good cause for the designation. If those attempts fail, then the challenging party shall have the right to file an appropriate motion seeking a ruling from the Court regarding the propriety or impropriety of the designation. Each party also has the right to apply for a further protective order if it believes greater protection than that afforded hereby is necessary for certain information to be produced.

9. Within 30 days after the conclusion of the proceedings in this action, including any settlement, appeals, retrials, or the running of any applicable periods for the filing of a notice of appeal without such notice being filed, all accessible Information designated as "Confidential Information," including any copies or extracts thereof, or documents containing information taken therefrom, with the exception of any attorney work product that may be derived from Confidential Information or where Confidential Information may be summarized or attached thereto shall be destroyed by the receiving party. Counsel for the Parties shall confer about the date for compliance with this paragraph. On or before that date, counsel for the receiving party shall provide the producing party a signed written statement or by email that the party has undertaken a good-faith search for Confidential Information that is covered by this paragraph, and such information has been destroyed.

10. This Order may be construed or modified by the Court, on application of any Party or on its own initiative, to ensure that fair adjudication of all issues may be had in the light of all relevant material facts without publishing or otherwise destroying the value of any designated Confidential Information except to the extent such publication or destruction cannot be avoided by the Court in the performance of its duties. The parties agree to confer after the exchange of exhibit lists, but no less than seven days before any trial, about possible redactions to trial exhibits or demonstratives that contain Confidential Information or other possible measures to limit the public disclosure of Confidential Information at trial, including relief from the Court. The parties agree that the use of Confidential Information at trial does not waive the other protections on Confidential Information that are afforded by this Order. This Order is not intended to and shall not benefit or be invoked by persons or entities not a party to this lawsuit, other than any person or entity whose (i) documents that are subject to a subpoena in this action, or (ii) documents that are in the possession of a party who, in response to discovery requests, is obligated to produce the non-party's documents, may invoke the protection of the Court under this Order and, at its discretion, designate Information as confidential.

11. **Protected Documents**. The parties may be required to produce large volumes of documents and, to comply with discovery deadlines in the case, wish to complete discovery as expeditiously as possible, while preserving and without waiving any evidentiary protections or privileges applicable to the information contained in the documents produced, including as against third parties and other federal and state proceedings. Accordingly, the parties hereby stipulate to, and the Court hereby orders, as follows:

(a) The production of any document in this action shall be without prejudice to any claim that such material is protected by any legally cognizable privilege or evidentiary protection

including, but not limited to the attorney-client privilege, or the work product doctrine, and no party shall be held to have waived any rights by such production. The production of a privileged or work product protected document or electronically-stored data is not a waiver in the pending case or in any other federal or state proceeding.

(b)  For purposes of this Order, the term "Protected Document" means a document containing privileged or protected information. The term "privileged or protected information" refers to matter that a party mistakenly produced in discovery and specifically includes, but is not limited to, information or material that (1) is subject to the attorney-client privilege, (2) is subject to one or more other privileges or protections that may be recognized through the Federal Rules of Evidence or Ohio state law, (3) is protected from disclosure by virtue of a protective order entered in this action or by agreement of the parties; (4) constitutes protected attorney work product; (5) is protected from disclosure by state or common law; or (6) is otherwise restricted from disclosure by operation of law, including data protected by government security clearances or that contains personally identifiable personal health information.

If any document produced by a party is subject to a legally recognizable privilege or evidentiary protection, the receiving party shall: (1) refrain from reading the document any more closely than is necessary to ascertain that it is privileged; (2) immediately notify the producing party in writing that it has discovered documents believed to be privileged or protected; (3) specifically identify the documents, including by Bates number range or hash value range, and, (4) where possible, return, sequester, or destroy all copies of such documents, along with any notes, abstracts or compilations of the content thereof, within five (5) days of discovery by the receiving party. Where such documents cannot be destroyed or separated they shall not be reviewed, disclosed, or otherwise used by the receiving party. Notwithstanding this provision,

the receiving party is under no obligation to search or review the producing party's documents to identify potentially "Protected Documents."

(c) If a receiving party receives a document that it believes may be subject to a claim by the producing party that it is a Protected Document, the receiving party shall: (1) refrain from reading the potentially Protected Document any more closely than is necessary to ascertain that it may be subject to a claim of privilege or evidentiary protection by the producing party; (2) immediately notify the producing party in writing that it has discovered documents that may be Protected Documents; (3) specifically identify the documents, including by Bates number range or hash value and, (4) where possible, return, sequester, or destroy all copies of such documents, along with any notes, abstracts or compilations of the content thereof, within five (5) days of discovery by the receiving party. Where such documents cannot be destroyed or separated they shall not be reviewed, disclosed, or otherwise used by the receiving party. Notwithstanding this provision, the receiving party is under no obligation to search or review the producing party's documents to identify potentially "Protected Documents."

(d) Upon written notice of a production of Protected Document(s) by the producing party or oral notice if notice is delivered on the record at a deposition, the receiving party must promptly return, sequester or destroy the specified document and any hard copies the receiving party has and may not use or disclose the information until the claim that it is a Protected Document has been resolved. The producing party shall also provide an updated privilege log for such documents setting forth the author, recipient(s), subject matter of the document, along with the basis for the claim of privilege or evidentiary protection, as well as any portion of the document that does not contain privileged or protected information. The parties are not required

to include in the privilege log communications between the parties and their attorneys that occurred after the original Complaint in this matter was filed.

(e) To the extent that the information contained in a document subject to a claim that it contains privileged or protected information has already been used in or described in other documents generated or maintained by the receiving party, then the receiving party will sequester such documents until the claim has been resolved. If the receiving party has disclosed the specified documents before being notified of their inadvertent production, it must take reasonable steps to retrieve them. The producing party shall preserve the specified documents until the claim is resolved.

(f) The receiving party shall have twenty (20) days from receipt of notification of the production of a Protected Document to determine in good faith whether to contest such claim and to notify the producing party in writing of an objection to the claim of privilege and the grounds for that objection.

(g) The receiving party's return, sequestering or destruction of such potentially Protected Document as provided in this Order will not act as a waiver of the requesting party's right to move for the production of the returned, sequestered or destroyed documents on the grounds that the documents are not in fact subject to a viable claim of privilege or protection. This Order is being entered into to facilitate and speed the production of what may be a large volume of documents. To that end, the parties agree to waive any argument that the production of documents pursuant to this Protective Order constitutes a waiver of an applicable privilege or evidentiary protection, that the disclosure of the documents was not inadvertent, that the producing party did not take reasonable steps to prevent the disclosure of the privileged

documents or that the producing party failed to take reasonable or timely steps to rectify the error.

(h) In the event that the parties cannot reach agreement as to whether a specified document(s) is a Protected Document, either party may submit the disputed document(s) to the Court under seal for a determination of the claim and will provide the Court with the grounds for the asserted privilege or protection. Until the Court rules as to whether any disputed document is a Protected Document, the receiving party may not use it for any purpose. Any party may request expedited treatment of any request for the Court's determination of the claim.

(i) Upon a determination by the Court that the specified disputed documents are Protected Documents, and if the specified documents have been sequestered rather than returned or destroyed, the specified documents shall be returned or destroyed. The Court may also order the identification and/or review of documents that have been identified as being potentially subject to a legally recognized claim by search terms or other means. If the Court determines that the specified disputed documents are not Protected Documents, then the receiving party will be relieved of the obligation to sequester them and may review or use them in an appropriate manner. If they have returned the specified documents and are no longer in possession of them, the producing party will promptly produce them again.

12. Nothing in this Order shall be construed in any way to control the use, dissemination, publication or disposition by a party of documents or information lawfully received at any time by that party outside the course of this litigation.

13. The provisions of this Order shall continue to be binding upon the parties and their counsel in this action until the conclusion of this action. Following the conclusion of this

action, the Court retains jurisdiction over the parties and their counsel for enforcement of the provisions of this Order.

IT IS SO ORDERED.

                                                  s/Matthew W. McFarland
                                      MATTHEW W. McFARLAND
                                      UNITED STATES DISTRICT COURT JUDGE

AGREED AND APPROVED:

| /s/ *David Eberly* | /s/ *M. Scott McIntyre* |
|---|---|
| David A. Eberly (0067007) | M. Scott McIntyre (0075298) |
| Eberly McMahon Copetas LLC | Jonathan M. Kelly (0095738) |
| 2321 Kemper Lane, Suite 100 | Baker & Hostetler LLP |
| Cincinnati, Ohio 45206 | 312 Walnut Street, Suite 3200 |
| Telephone: (513) 533-9898 | Cincinnati, Ohio 45202 |
| Fax: (513) 533-3554 | Telephone: (513) 929-3400 |
| Email: deberly@emclawyers.com | Fax: (513) 929-0303 |
| *Attorney for Plaintiff* | Email: smcintyre@bakerlaw.com |
| |        jmkelly@bakerlaw.com |
| | *Attorneys for Defendants* |